798 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JoAn MORRIS, Plaintiff-Appellant,
v.
Sheriff Donald GRAVEN, Lee Vorick, Jane Doe (Matron at City
Jail), Judy Ceesiak, et al., Defendants-Appellees.
 No. 83-1452.
 United States Court of Appeals, Sixth Circuit.
 July 15, 1986.
 
 Before KEITH and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-Appellant, JoAn Morris appeals the dismissal of her Sec. 1983 suit, filed pro se. This suit emanated from plaintiff's October 15th and 18th, 1978, arrest for trespass and for refusing to leave the property of Alexander Burns. We affirm the decision below.
 
 
 2
 Before trial on the trespass charge, Assistant Prosecutor, Ann Hannon, moved the state trial court for an order submitting plaintiff to a mental competency exam to determine her competency to stand trial. The order was issued and a competency exam was scheduled for October 29, 1979. Plaintiff refused to appear for the exam and failed to appear at numerous court hearings. On April 17, 1980, a bench warrant was issued for plaintiff's arrest, The order directed that plaintiff be arrested and incarcerated at the county jail until a forensic exam could be scheduled. The warrant was placed in the Law Enforcement Information Network (LEIN).
 
 
 3
 On October 7, 1980, plaintiff was involved in an automobile accident. She admitted herself to Bronson Hospital Emergency Room. The Kalamazoo City Police investigating the accident ran a LEIN search and discovered the outstanding warrant. Plaintiff was arrested at the hospital later that day and objected to the fact of her incarceration and claimed it was illegal. Plaintiff also objected to virtually every condition or incident of confinement, including the medical treatment she received from jail medical staff.
 
 
 4
 During plaintiff's thirty-seven day incarceration, she received medical attention on seventeen occasions, and refused it on two or three other occasions. She received ten visitors; placed eighteen telephone calls and received three others. Plaintiff sent and received mail. She was transported to Bronson Methodist Hospital for an examination by Dr. Bruno, to the Forensic Center for a mental competency exam, and to court for one or more hearings.
 
 
 5
 On the date of the scheduled exam, plaintiff was transported to and from the Forensic Center where she refused to submit to the exam. On November 13, 1980, plaintiff was released from the Kalamazoo County Jail after posting bond set by the court. Although the trespass charges were ultimately dismissed, plaintiff was found guilty by a jury on May 12, 1981, of disorderly conduct.
 
 
 6
 Plaintiff's complaint, filed originally October 6, 1981, and amended through 1982, eventually named over sixty defendants and asked for over $2 billion dollars in damages.
 
 
 7
 We AFFIRM the decision below based on the well-reasoned opinion of Judge Wendell A. Miles dated May 10, 1983.